W. S. COMBS v. J. H. MICHAELIS *et al.*

**No. 328.**

PLEADING—*Necessary Allegations—Action to Recover for Construction of Ditch.* In an action for the recovery of the amount due for the construction of a drainage ditch, where the statute authorizing such construction provides for the levy and collection of a specific fund, according to benefits, to pay for the construction thereof, the petition must allege the collection of the fund.

Error from Wabaunsee district court; WILLIAM THOMSON, judge. Opinion filed May 4, 1898. Affirmed.

*George G. Cornell,* and *A. H. Case,* for plaintiff in error.

*H. B. Jones,* and *J. B. Barnes,* for defendants in error.

The opinion of the court was delivered by

McELROY, J. : This action was commenced by W. S. Combs against the county treasurer, county clerk and board of commissioners of Wabaunsee county. The plaintiff alleges that, on the — day of ——, 1890, he entered into a contract with the trustee of Kaw township in said county for the construction of a drainage ditch ; that in the pursuance of such contract he constructed the ditch and performed all the conditions of the contract on his part to be performed ; that the work was approved ; that the trustee certified to the county clerk the fact of the completion of the work in accordance with his contract, and that there was due to the plaintiff thereon the sum of $200 ; that the county clerk entered the same on the tax-rolls for collection ; that there was sufficient money in the county treasury to pay the said claim ; that, in a suit

in the district court for that purpose, the court ordered the county clerk to issue to the plaintiff an order on the county treasurer for $200, and that such order was issued, as follows :

"No. 5976.                    FEBRUARY 16, 1891.

*Treasurer Wabaunsee county, Kansas:* Pay to W. S. Combs, or bearer, $200 for balance for excavating section 5, Kaw township ditch, out of any money in the treasury not otherwise appropriated.

"By order of district court.      C. O. KINNE,
"$200.                              *County Clerk.*"

The plaintiff further alleges, that the order was presented for payment to the treasurer and to the chairman of the board of county commissioners, and payment refused ; that there was due, by reason of the premises, from the county the sum of $200, with interest ; wherefore judgment is prayed.

Defendants' answer contained : (1) A general denial ; (2) an averment that there was no money in the county treasury appropriated for the purpose of paying the order ; (3) allegations that the work performed by the plaintiff was in the construction of a drainage ditch under the special act of the legislature providing that the expense should be assessed against the lands through which the ditch passed and which were benefited thereby, upon the giving of proper notice of the construction of the ditch ; that the plaintiff was the petitioner for the ditch in question, and that no proper notice was given sufficient to charge the lands with the payment of such expense, all of which was well known to the plaintiff ; that the pretended order was illegal and void ; that the county clerk had no right to issue the same ; that the drainage act, under which the pretended ditch proceedings were had, is unconstitutional and void. The plaintiff, for reply, set out a general denial.

Combs v. Michaelis.

At the trial the defendant objected to the introduction of any evidence, for the reason that the petition did not state a cause of action, which objection was sustained, the plaintiff excepting. A motion for new trial was filed and overruled, and the case is presented to this court for review.

The only question presented for the consideration of the court is whether the petition states a cause of action. The drainage ditch in question was constructed under chapter 100, Laws of 1879. Section 12 of the act provides for the creation of a fund to pay for the construction of such a ditch as was made under the contract set out in this section, as follows :

"And such trustee shall make a fair and just estimate of the amount of costs made in all such proceeddings, to be paid by each person interested in such proposed ditch, drain, or watercourse, and collect the same as hereinafter provided, and pay out the same in conformity with such estimates."

And section 13 of said act provides :

" Immediately after the sale of any such sections or parts of sections, as provided for in the twelfth section of this act, said trustee shall certify to the county clerk of said county the amount such section sold for, adding the proportionate amount of costs and expenses of such sale, together with a correct description of each piece of land ; and said county clerk shall place the same on the tax-roll, to be collected as other state and county taxes are collected. As soon as such work shall be completed in conformity with such sale and to the satisfaction of said trustee, said trustee shall certify the amount due to each person to the county clerk of the county, and said county clerk shall draw orders for the payment of such amount out of the treasury."

The act provides for the creation and collection of

a specific fund, and designates the manner of payment for the construction of the drainage ditch.

The petition does not state facts sufficient to constitute a cause of action. It does not allege the collection of the money for the construction of the ditch. The act under consideration does not contemplate the payment of the expenses of such drainage ditch from the general revenue of the county, but it does contemplate that such ditch expense shall be paid by the assessment of benefits and collection thereof. The court properly sustained the objection to the introduction of evidence.

The judgment is affirmed.